United States District Court
Northern District of California

1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    AMBROSIO VILLAGRANA,                    Case No. 22-cv-02618-JST

8              Plaintiff,

9         v.                                 **ORDER OF PARTIAL SERVICE;
                                             DISMISSING CERTAIN DEFENDANTS**
10   SCOTT KERNAN, et al.,                    **WITH LEAVE TO AMEND**

11             Defendants.

12

13        Plaintiff, an inmate at Correctional Training Facility in Soledad, California ("CTF-

14   Soledad"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint is now before the

15   Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma*

16   *pauperis* in a separate order.

17                              **DISCUSSION**

18   **A.    Standard of Review**

19        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

20   redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

21   § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

22   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

23   monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

24   (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d

25   989, 993 (9th Cir. 2020).

26        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

28   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1

2    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

3    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

4    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

5    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

6    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

7      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

8    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

9    the alleged violation was committed by a person acting under the color of state law. *See West v.*

10   *Atkins*, 487 U.S. 42, 48 (1988).

11   **B.**  **Complaint**

12     The complaint names as defendants Scott Kernan, the former secretary of the California

13   Department of Corrections and Rehabilitations ("CDCR"); John Doe 1, the former CDCR

14   Secretary of Resources; S. Hatton, the former warden of CTF-Soledad; and John Doe 2, the owner

15   of Stronghold Construction Company.  The complaint alleges that Defendants either knowingly or

16   negligently exposed him to Valley Fever when, in or around 2014 to 2019, they authorized the

17   construction of, and built, CTF West Medical Facility despite knowing that CTF-Soledad is in the

18   middle of a Valley Fever hot zone.  The complaint makes the following specific allegations.

19   Defendants knew or should have known that CTF-Soledad is in the middle of a Valley Fever hot

20   zone but took the following actions that increased inmates' exposure to Valley Fever, resulting in

21   Plaintiff contracting Valley Fever.  In or about 2014, John Doe 1, the CDCR Secretary of

22   Resources at that time, declared that the West Medical Facility construction project was exempt

23   from the environmental impact phase, despite knowing that the construction work would require

24   soil disturbing work, including excavation and bulldozing.  In or about 2016, defendant Hatton,

25   the CTF-Soledad warden at that time, failed to take preventative measures to control the spread of

26   Valley Fever spores to inmates, such as by requesting ground covers, although state employees

27   working the construction site were provided with N95 masks.  Between 2016 to 2019, defendant

28   Kernan was CDCR secretary and failed to warn inmates that they were at risk of Valley Fever

United States District Court
Northern District of California

2

1    from the construction of West Medical Facility.  John Doe 2, owner of the Stronghold

2    Construction Company, which constructed West Medical Facility, failed to implement on the

3    construction sites the safety procedures required by the California Occupational Safety and Health,

4    such as implementing dust control measures.  As a result, from 2016 to 2019, CTF Soledad saw a

5    spike in the number of inmates who contracted Valley Fever.

6         Liberally construed, the complaint's allegations state a cognizable federal constitutional

7    claim for violation of the Eighth Amendment's prohibition on deliberate indifference to inmate

8    safety and health, and a cognizable state-law claim for failure to protect Plaintiff from, or warn

9    Plaintiff of, a foreseeable threat of harm.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

10   (prison official is deliberately indifferent if he knows of and disregards excessive risk to inmate

11   health or safety by failing to take reasonable steps to abate it); *Giraldo v. Dep't of Corr. & Rehab.*,

12   168 Cal.App.4th 231 (Cal. Ct. App. 2008) (there is special relationship between jailer and prisoner

13   that imposes upon jailer duty of care to prisoner).

14        However, Doe Defendants John Doe 1 and John Doe 2 are DISMISSED from this action

15   without prejudice.  The use of "John Doe" to identify a defendant is not favored in the Ninth

16   Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is

17   effectively impossible for the United States Marshal to serve an anonymous defendant.  The

18   Court's general practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able

19   to identify the unknown defendant through discovery, allow the plaintiff leave to amend the

20   complaint to name the intended defendant.  *See Gillespie*, 629 F.2d at 642.  Plaintiff may seek to

21   determine the identity of Doe defendants through discovery and then request leave to amend the

22   complaint to add these Doe defendants.

**CONCLUSION**

24        For the foregoing reasons, the Court orders as follows.

25        1.      The following defendant(s) shall be served: former California Department of

26   Corrections and Rehabilitation Secretary Scott Kernan and former Correctional Training Facility

27   Soledad warden S. Hatton.

28        Service on the listed defendant(s) shall proceed under the California Department of

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners

2    in the CDCR's custody.  In accordance with the program, the Clerk is directed to serve on the

3    CDCR via email the following documents: the operative complaint, this order of service, a CDCR

4    Report of E-Service Waiver form and a summons.  The Clerk also shall serve a copy of this order

5    on the Plaintiff.

6           No later than 40 days after service of this order via email on the CDCR, the CDCR shall

7    provide  the court a completed CDCR Report of E-Service Waiver advising the court which

8    defendant(s) listed in this order will be waiving service of process without the need for service by

9    the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

10   could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

11   Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

12   a waiver of service of process for the defendant(s) who are waiving service.

13          Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

14   defendant who has not waived service according to the CDCR Report of E-Service Waiver a

15   USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

16   of this order, the summons, and the operative complaint for service upon each defendant who has

17   not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

18   Service Waiver.

19          2.      Doe Defendants John Doe 1 and John Doe 2 are DISMISSED from this action

20   without prejudice to Plaintiff requesting leave to amend the complaint to add these Doe defendants

21   once he determines their identities.

22          3.      In order to expedite the resolution of this case, the Court orders as follows:

23          a.      No later than 91 days from the date this order is filed, Defendants must file

24   and serve a motion for summary judgment or other dispositive motion.  If Defendants are of the

25   opinion that this case cannot be resolved by summary judgment, Defendants must so inform the

26   Court prior to the date the motion is due.  A motion for summary judgment also must be

27   accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what

28   is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

4

1    2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

2    served concurrently with motion for summary judgment).[1]

3                    b.        Plaintiff's opposition to the summary judgment or other dispositive motion

4    must be filed with the Court and served upon Defendants no later than 28 days from the date the

5    motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

6    provided later in this order as he prepares his opposition to any motion for summary judgment.

7                    c.        Defendants shall file a reply brief no later than 14 days after the date the

8    opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

9    hearing will be held on the motion.

10           4.        Plaintiff is advised that a motion for summary judgment under Rule 56 of the

11   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

12   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

13   granted when there is no genuine issue of material fact – that is, if there is no real dispute about

14   any fact that would affect the result of your case, the party who asked for summary judgment is

15   entitled to judgment as a matter of law, which will end your case.  When a party you are suing

16   makes a motion for summary judgment that is properly supported by declarations (or other sworn

17   testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

18   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

19   as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and

20   documents and show that there is a genuine issue of material fact for trial.  If you do not submit

21   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

22   If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*

23   *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does

24

25

_____

26   [1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)

27   (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act,

28   should be raised by a defendant as an unenumerated Rule 12(b) motion).

United States District Court
Northern District of California

1    not excuse Defendants' obligation to serve said notice again concurrently with a motion for

2    summary judgment.  *Woods*, 684 F.3d at 939).

3          5.      All communications by Plaintiff with the Court must be served on Defendants'

4    counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard

5    any document which a party files but fails to send a copy of to his opponent.  Until Defendants'

6    counsel has been designated, Plaintiff may mail a true copy of the document directly to

7    Defendants, but once Defendants are represented by counsel, all documents must be mailed to

8    counsel rather than directly to Defendants.

9          6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

10   No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

11   before the parties may conduct discovery.

12         7.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

13   Court informed of any change of address and must comply with the Court's orders in a timely

14   fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

15   to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every

16   pending case every time he is moved to a new facility.

17         8.      Any motion for an extension of time must be filed no later than the deadline sought

18   to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that

19   he must include the case name and case number for this case on any document he submits to the

20   Court for consideration in this case.

21         **IT IS SO ORDERED.**

22   Dated:  June 13, 2022



                                                        JON S. TIGAR
                                                        United States District Judge

United States District Court
Northern District of California

6