UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBROSIO VILLAGRANA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | Case No. 22-cv-02618-JST<br><br>**ORDER DENYING DEFENDANT STRONGHOLD ENGINEERING, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: ECF No. 73 |

Before the Court is Defendant Stronghold Engineering, Inc.'s motion for judgment on the pleadings. ECF No. 73. The Court will deny the motion.

## I.  BACKGROUND

### A.  Factual Background

The Court accepts the following allegations from the complaint as true for the purpose of deciding this motion. *Espy v. J2 Glob., Inc.*, 99 F. 4th 527, 535 (9th Cir. 2024). Plaintiff was incarcerated at CTF-Soledad at the time of all relevant events. The soil in and around CTF-Soledad contains a fungus that causes Valley Fever. ECF No. 36 ¶ 29. Disturbing the soil causes the fungal spores to spread into the air. *Id.* Most people who breathe in the fungal spores and contract Valley Fever need antifungal medication to recover. *Id.* Although Valley Fever initially attacks the lungs, it can spread to other parts of the body and cause a more severe, chronic form of the illness. *Id.* Certain groups of people, including those with a weakened immune system, are at higher risk of Valley Fever spreading throughout the body. *Id.*

In or around 2004, the California Department of Public Health issued a report with specific recommendations regarding how to reduce and control the spread of Valley Fever in California prisons during construction projects, which disturb the soil and so can result in the release of

Valley Fever spores. *Id.* ¶¶ 38–39. The report recommended wetting the soil at construction sites and installing ventilation systems to mitigate the spread of spores. *Id.* ¶ 38. In April 2012, the CDCR issued another report concerning Valley Fever in adult prisons, discussing the dangers of Valley Fever with respect to specific groups of people and the connection between new construction projects and the spread of Valley Fever. *Id.* "It was a known fact that Monterey Country [i]s part of the hyperendemic zone and th[at] construction work would require[] tractors and other equipment to dig up the soil and stockpile[] [the soil] nearby." *Id.* ¶ 32. Knowledge of these reports placed Defendants on notice that construction at CTF-Soledad would cause the spread of Valley Fever. *E.g., id.* ¶¶ 35–39.

Despite knowledge of the recommendations in these reports, the CDCR undertook construction of CTF-Soledad's West Medical Facility in 2016 without implementing the recommendations described above. *Id.* ¶ 30. The CDCR contracted with Stronghold, of which Defendant Bailey serves as the CEO, to construct the West Medical Facility. *Id.* ¶ 2. During construction, Bailey and Stronghold "failed to implement the safety procedures required by the California Division of Occupational Safety and Health." *Id.* ¶ 13. Stronghold's construction crew used tractors and other equipment to dig up the soil and stockpile it nearby, causing tremendous amounts of dust and debris to cloud the air and to enter freely through open prison windows into the main central prison facility corridor. *Id.* ¶ 31. No ventilation system was fitted to the windows to control the dust. *Id.* The construction project caused a spike in Valley Fever infections at CTF-Soledad, with over a hundred inmates contracting the disease between 2016 and 2019. *E.g., id.* ¶ 48.

On December 14, 2017, Villagrana was diagnosed with Valley Fever. *Id.* ¶ 9. As a result, he continues to suffer from headaches, sores on his head and body, significant weight loss, and liver and joint pain caused by the antifungal medication used to treat Valley Fever. *Id.* Plaintiff was released from CTF-Soledad on or about October 20, 2022. ECF No. 20.

**B.  Relevant Procedural Background**

Plaintiff, while still proceeding pro se, filed his second amended complaint on August 15, 2023. ECF No. 36. The Court appointed pro bono counsel to represent him on September 14,

2

1   2023.  ECF No. 41.

2   Defendants Hatton, Allison, and Kernan moved for judgment on the pleadings, ECF No.
3   50.  The Court granted the motion and granted Villagrana leave to amend the complaint.  ECF No.
4   76.  Villagrana did not file an amended complaint, so the Court dismissed those Defendants with
5   prejudice.  ECF No. 82.

6   Stronghold now moves for judgment on the pleadings.  ECF No. 73.  Villagrana opposes
7   the motion, ECF No. 79, and Stronghold has filed a reply, ECF No. 80.   The Court requested
8   supplemental briefing, ECF No. 83, on Villagrana's 42 U.S.C. § 1983 claim, asserted against
9   Stronghold under a joint action theory.  Stronghold filed its supplemental brief, ECF No. 84;
10  Villagrana filed a supplemental opposition, ECF No. 85; and Stronghold filed a supplemental
11  reply, ECF No. 86.

12  **II.    JURISDICTION**

13  The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

14  **III.   LEGAL STANDARD**

15  After the pleadings are closed—but early enough not to delay trial—a party may move for
16  judgment on the pleadings.  Fed. R. Civ. P. 12(c).[1]  The analysis for Rule 12(c) motions for
17  judgment on the pleadings is 'substantially identical to [the] analysis under Rule 12(b)(6)."
18  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation omitted).  Under both
19  rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the
20  plaintiff to a legal remedy."  *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 WL
21  6140912, at *3 (N.D. Cal. Dec. 9, 2011).  A plaintiff must allege facts that are enough to raise his
22  right to relief "above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
23  (citation omitted).  "A judgment on the pleadings is properly granted when, taking all the
24  allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment

---

[1] Villagrana "anticipates that the Court will treat this motion as one made under Rule 12(b)(6)" because "the pleadings are not closed and a motion under Rule 12(c) is not appropriate."  ECF No. 79 at 5 (quotation omitted).  Stronghold answered the complaint on April 12, 2024, ECF No. 65, and all other defendants have been dismissed with prejudice.  ECF No. 82.  Accordingly, a motion for judgment on the pleadings is available to Stronghold.

3

as a matter of law." *Fajardo v. City of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999) (citation omitted). Further, "[a]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend, and to simply grant dismissal of the action instead of entry of judgment." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted).

In general, courts must construe pro se pleadings liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

## IV. DISCUSSION

Villagrana brings two claims against Stronghold: (1) negligence, and (2) a claim brought under 42 U.S.C. § 1983, pursuant to a joint action theory, alleging that Stronghold violated the Eighth Amendment's prohibition on deliberate indifference to inmate safety and health. ECF No. 73 ¶¶ 44–61.

### A. Negligence

Stronghold makes three arguments regarding Villagrana's negligence claim: that (1) Stronghold owed no duty of care to protect Villagrana from contracting Valley Fever, (2) there is no admissible evidence that Stronghold's conduct caused Villagrana to contract Valley Fever, and (3) Villagrana's negligence claim is time barred. The Court addresses each argument in turn.

#### 1. Duty of Care

Stronghold first argues that "[t]his Court should determine, as a matter of law, that Stronghold Engineering owes Plaintiff no legal duty of care to prevent Plaintiff from being exposed to the fungus that causes Valley Fever." ECF No. 73 at 6. Stronghold contends that, while Villagrana pled that Stronghold failed to follow safety procedures of the California Division of Occupational Safety and Health (Cal/OSHA), Villagrana failed to name the particular Cal/OSHA procedures that would have conferred upon Stronghold a duty to prevent Villagrana's contracting Valley Fever. *Id.* at 6–7. Stronghold further argues that it had no duty because it is "merely a general contractor tasked with constructing a medical facility adjacent to the prison" and "*not* a prison official." *Id.* at 7 (emphasis in original).

"Absent a duty, there can be no negligence." *Franklin v. Ocwen Loan Serv., LLC*, No. 17-

4

1   cv-02702-JST, 2017 WL 4922380, at *2 (N.D. Cal. Oct. 31, 2017) (citing *Justo v. Indymac*

2   *Bancorp*, No. SA-cv-09-1116 JVS (AGRx), 2010 WL 623715, at *9 (C.D. Cal. Feb. 19, 2010));

3   *see also Century Surety Co. v. Crosby Ins., Inc.*, 124 Cal. App. 4th 116, 127 (2004) (listing "a

4   legal duty of care toward the plaintiff" as an element of a negligence cause of action). Thus, a

5   complaint is "'fatally defective'" if it "lacks allegations of fact sufficient to show the defendant

6   owed the plaintiff a legal duty of care." *McAllister v. Patterson Cos.*, No. 10-cv-5413 RSWL

7   (MANx), 2012 WL 1688726, at *3 (C.D. Cal. May 15, 2012) (quoting *Crescent Woodworking Co.*

8   *v. Accent Furniture, Inc.*, No. EDCV 04-01318 DDP (PJWx), 2005 WL 5925586, at *4 (C.D. Cal.

9   Dec. 6, 2005)).

10  "In general, each person has a duty to act with reasonable care under the circumstances."

11  *Cabral v. Ralphs Grocery Co.*, 51 Cal. 4th 764, 771 (2011). "Whether a given case falls within an

12  exception to the general rule of a duty of ordinary care, or whether a duty of care exists in a given

13  circumstance, is a question of law to be determined by the court on a case-by-case basis." *Darling*

14  *v. Green*, 2012 WL 12895823, at *2 (C.D. Cal. Aug. 29, 2012) (citing *Laabs v. So. Cal. Edison*

15  *Co.*, 175 Cal. App. 4th 1260, 1270 (2009)). As Stronghold acknowledges, "'[t]he standard of care

16  required in a particular circumstance may be based on a statute or the custom and practice in the

17  relevant community,'" ECF No. 80 at 2 (quoting *Danning v. Bank of Am.*, 151 Cal. App. 3d 961,

18  980 (Cal. App. 1984)), and "Cal-OSHA provisions, like any other statute or regulation, may be

19  used to establish [the] applicable standard of care." ECF No. 80 at 2 (citing *Elsner v. Uveges*, 34

20  Cal. 4th 915, 928 (2004)).

21  Stronghold urges this Court to find that it has no duty of care as a matter of law under the

22  circumstances of this case. Stronghold argues that the complaint's "fail[ure] to identify the

23  particular 'dust control measures' set forth by a particular OSHA regulation which Stronghold

24  Engineering purportedly should have possibly implemented which would have somehow

25  prevented Plaintiff from contracting Valley Fever" is fatal to Villagrana's negligence claim. *Id.* at

26  7. In support of this argument, Stronghold cites cases that stand for the general principle that "the

27  existence of a duty is a question of law for the court," ECF No. 80 at 2 (quoting *Ky. Fried Chicken*

28  *of Cal. v. Super. Ct.*, 14 Cal. 4th 814, 819 (1997), but that are otherwise factually inapposite. *See*

*id.* (holding that fast food restaurant owed customers no duty to protect against harm caused by third-party criminal conduct)). Stronghold does not point to any authority that holds that a plaintiff needs to identify "particular . . . measures" set forth in regulations in order to plead a duty of care.

Likewise, Stronghold argues summarily that it is "*not* a prison official but merely a general contractor tasked with constructing a medical facility adjacent to the prison." ECF No. 73 at 7 (internal quotation omitted, emphasis in original). But it cites no authority for the proposition that general contractors are not subject to the general duty of ordinary care in these circumstances.

The complaint alleges that "[a]ll . . . Defendants knew about Valley Fever in the soil around CTF-Soledad and Monterey County, and knew or should have known about inmate deaths from exposure to Valley Fever spores in the air, especially during digging and new construction projects." ECF No. 36 ¶ 39. It alleges that "Beverly Bailey, as the CEO of the Stronghold Engineering Incorporated, knew of the California Division of Occupational Safety and Health requirements when working in a Valley Fever hot zone" and yet "she failed to implement on the construction site[] the safety measures required." *Id.* ¶ 56. The Court declines to find that a general contractor who knowingly operates in a Valley Fever hot zone, is aware of the risks of Valley Fever, is aware that that digging up soil will increase the risk of people nearby contracting Valley Fever, and fails to implement Cal/OSHA procedures and other reasonable precautions has no duty as a matter of law to prevent the spread of Valley Fever.

### 2. Causation

Stronghold next argues that "there is no admissible evidence that Stronghold Engineering caused plaintiff to develop Valley Fever." ECF No. 73 at 7. As an initial matter, Villagrana is not required to present "admissible evidence"—or any evidence—at this stage. *Nevada Fed. Credit Union v. Countrywide Funding Corp.*, CV 10-2040 DSF (JEMx), 2010 WL 11549712, at \*1 (C.D. Cal. July 2, 2010) (analysis of admissibility of evidence "obviously cannot be done at the motion to dismiss stage"); *Finjan, Inc. v. SonicWall, Inc.*, No. 17-cv-04467-BLF, 2018 WL 2234370, at \*5 (N.D. Cal. May 15, 2018) ("at the motion to dismiss stage . . . [a]dmissibility is not at issue"). Rather, to survive a motion for judgment on the pleadings, Villagrana need only plead facts

6

sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007).

Stronghold rests its causation argument primarily on *Miranda v. Bomel Construction Co.*, 187 Cal. App. 4th 1326 (2010), which it claims "is indistinguishable from" the instant case. ECF No. 73 at 8. But the case *is* distinguishable in at least one important respect: it was decided at summary judgment, not on a motion to dismiss. In *Miranda*, the California Court of Appeal affirmed summary judgment of plaintiff's negligence claim against a construction company that stockpiled excess dirt on a vacant lot next to the workplace of the plaintiff, who contracted Valley Fever. *Id.* at 1328–29. The court, after considering the plaintiff's expert declarations, concluded that they "failed to present any evidence" that "the uncovered dirt at [the vacant lot] was the source of the fungus spore causing Miranda's illness creating liability." *Id.* at 1339 (emphasis omitted). But here, on a motion for judgment on the pleadings, Villagrana need not present evidence proving that Stronghold's conduct caused him to contract Valley Fever. *Lowe v. County of Butte ex rel. Dep't of Probation & Sheriff's Dep't*, No. 2:20-cv-01997-JAM-DMC, 2021 WL 1890386, at *5 (quoting *Medina-Velazquez v. Hernandez-Gregorat*, 767 F.3d 103, 111 (1st Cir. 2014) ("For pleading purposes, plaintiffs need not establish causation. The facts contained in the complaint need only show that the claim of causation is plausible.").

Instead, the complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Villagrana's complaint meets that bar. It alleges that Bailey and Stronghold "failed to implement on the construction site the safety procedures required by the California Occupational Safety and Health (OSHA), such as implementing dust control measures" and that "as a result" of those and other failures, "from 2016 to 2019, CTF-Soledad Prison saw a spike in the number of inmates who contracted Valley Fever." ECF No. 36 ¶ 48. This included Villagrana, who was diagnosed with Valley Fever on December 14, 2017. *Id.* ¶ 9. These allegations draw a direct causal link between Stronghold's conduct and Villagrana's harm.

Likewise, Stronghold's arguments that the complaint "identifies no scientific data" showing that Stronghold's construction activities were the cause of Villagrana's Valley Fever and

1    that Villagrana's Valley Fever "could have been from countless sources, including a dust storm"

2    raise factual questions and thus are premature at this stage. *See Rasooly v. Peine*, 15-cv-04540-

3    JD, 2016 WL 3443382, at *2 (N.D. Cal. June 23, 2016) ("Defendants challenge these allegations

4    on factual grounds, . . . and may prevail on them at the appropriate stage, but resolving fact

5    disputes is not within the motion to dismiss procedure.").

6    For the foregoing reasons, the Court finds that Villagrana has properly pled causation.

### 3. Statute of Limitations

Finally, Stronghold argues that Villagrana's claims are time-barred. Villagrana filed this action nearly five years after his Valley Fever diagnosis, and Stronghold contends the appropriate statute of limitations is two years. ECF No. 73 at 9–10 (citing Cal. Code Civ. P. § 340.8). In response, Villagrana argues that he pled tolling of the statute of limitations. ECF No. 79 at 9–10.

A federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 543–44 (1989). The statute of limitations begins to run immediately after the recognized disability period ends. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 378–89 (9th Cir. 1998) (applying California law). "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207–08 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

Villagrana raises four bases for tolling: disability of imprisonment, Cal. Code Civ. P. § 352.1; California's discovery rule, *see Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (Cal. 2005); the period during which Villagrana was seriously ill with Valley Fever; and the period during the COVID-19 pandemic when CTF-Soledad was under a lockdown that prevented Villagrana from visiting the prison law library. ECF No. 79 at 6–7.

If "the face of the complaint does not permit determination of the facts material to the running of the statute," a motion to dismiss for untimeliness must be denied. *See Cobb v. Cook*, No. 2:12-cv-1666 JAM AC P, 2013 WL 1704992, at *2 (E.D. Cal. Apr. 19, 2013), *report and recommendation adopted*, 2013 WL 3146813 (June 18, 2013). Stronghold does not address any of

Villagrana's bases for tolling in its opposition or in its reply. *See* ECF Nos. 73 at 9–10; 80 at 4. Nor are the facts material to the running of the statute determinable from the face of the complaint. Under California's discovery rule, for example, a cause of action accrues when a plaintiff "discovers, or has reason to discover, the cause of action," which occurs when the plaintiff "'has reason at least to suspect a factual basis for its elements.'" *Fox*, 35 Cal. 4th at 807 (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 398 (1999). Here, the complaint alleges that Villagrana did not believe that his case of Valley Fever alone was sufficient to bring an action without evidence of a larger epidemic within the prison, ECF No. 36 ¶ 26, and that he did not learn of the larger epidemic until he "submitted [a] request to inspect CDCR's medical public records." *Id.* ¶ 27. Villagrana received those records no earlier than March 15, 2021. *See id.* at 23. He filed his initial complaint in this action on April 29, 2022. ECF No. 1. Accepting his factual allegations as true, as the court must do at this stage, *Smith v. City of Oakland*, No. 19-cv-05398-JST, 2020 WL 2517857, at *3 (N.D. Cal. Apr. 2, 2020), Villagrana arguably filed his complaint within two years of when he "ha[d] reason at least to suspect a factual basis for" the elements of his claims. *Fox*, 35 Cal. 4th at 807 (quoting *Norgart*, 21 Cal.4th at 398). Accordingly, the Court cannot conclude from the face of the complaint that Villagrana's claims are time-barred. *See Cobb v. Cook*, No. 2:12-cv-1666 JAM AC P, 2013 WL 1704992, at *2 (E.D. Cal. Apr. 19, 2013), *report and recommendation adopted*, 2013 WL 3146813 (June 18, 2013) (denying motion to dismiss for untimeliness where "Defendant does not address . . . the impact (if any) of California Code of Civil Procedure section 352.1(a)" and "the face of the complaint does not permit determination of the facts material to the running of the statute"). Thus, the Court declines to dismiss Villagrana's claims on this ground.

### B.     42 U.S.C. § 1983 Claim

In the Court's order on Defendants Kernan, Allison, and Hatton's motion for judgment on the pleadings, ECF No. 76, the Court dismissed Villagrana's section 1983 claim as to those defendants on qualified immunity grounds. *See id.* at 7. In Stronghold's supplemental brief, Stronghold asserts that "[p]ursuant to, and consistent with," that order, Villagrana's Section 1983 claim against Stronghold is also barred on qualified immunity grounds. ECF No. 84 at 3.

Villagrana responds that "[q]ualified immunity is not available to private actors." ECF No. 85 at 6.

Villagrana has the better argument. Under Ninth Circuit law, qualified immunity is not available to private defendants in a section 1983 suit. *Danielson v. Inslee*, 945 F.3d 1096, 1099–1100 (9th Cir. 2019) ("[P]rivate parties cannot avail themselves of qualified immunity to a section 1983 lawsuit.") (emphasis omitted) (citing *Howerton v. Gabica*, 708 F.2d 380, 385 n.10 (9th Cir. 1983); *F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1318–19 (9th Cir. 1989) ("[T]he Ninth Circuit has stated that private defendants are not entitled to qualified in section 1983 actions.") (citing *Howerton,* 708 F.2d at 385 n.10). On reply, Stronghold cites a handful of cases from other circuits. *See* ECF No. 86 at 2 (citing *Bartell v. Lohiser*, 215 F.3d 550 (6th Cir. 2000); *Camilo-Robles v. Hoyos*, 151 F.3d 1 (1st Cir. 1998); *Cullinan v. Abramson*, 128 F.3d 301 (6th Cir. 1997); *Meadows v. Rockford Hous. Auth.*, 861 F.3d 672 (7th Cir. 2017)). This Court must follow binding Ninth Circuit precedent and thus will not dismiss Villagrana's section 1983 claim against Stronghold, a private defendant, on qualified immunity grounds.

## CONCLUSION

For the reasons set forth above, Stronghold's motion for judgment on the pleadings is denied.

**IT IS SO ORDERED.**

Dated: June 12, 2025



JON S. TIGAR
United States District Judge