UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBROSIO VILLAGRANA,<br><br>   Plaintiff,<br><br>   v.<br><br>BEVERLY BAILEY, et al.,<br><br>   Defendant. | Case No. 22-cv-02618-JST<br><br>**ORDER COMPELLING FURTHER INTERROGATORY RESPONSES**<br><br>Re: ECF No. 103 |

In this action, Plaintiff Ambrosio Villagrana alleges that he was injured due to the Defendant Stronghold Engineering's negligence in executing a certain construction project ("the Project"). *See* ECF No. 89. Before the Court is the parties' joint discovery letter brief. ECF No. 103. This discovery dispute arises from Defendant's responses to Interrogatories Nos. 1 and 2. *Id*. at 1. Plaintiff argues that those responses were incomplete and seeks to compel Defendant to provide complete responses. *Id*. The Court agrees with Plaintiff that Interrogatories Nos. 1 and 2 seek information directly relevant to the claims and defenses in this matter and are within the proper scope of discovery pursuant to Federal Rule of Civil Procedure 26.

Interrogatory No. 1 asks for an identification and description of any safety procedures issued by the California Division of Occupational Safety and Health that Defendant implemented during the Project. ECF No. 103 at 4. Interrogatory No. 2 asks for an identification and description of any safety procedures issued by the California Department of Public Health that the Defendant implemented during the Project. ECF No. 103 at 5. In response to both interrogatories, Defendant asserted several objections and privileges and then stated only that "Responding Party complied with all applicable federal and state requirements, including those set forth by the [applicable agency] which are equally available to Propounding Party through the [agency]

website and the California Code of Regulations. *Id*.

The blanket assertion that Defendant has complied with applicable regulations is not responsive to the interrogatories. Not every regulatory safety procedure may be relevant to the Project, and Defendant's responses fail to identify which safety procedures were actually implemented during the Project. *See* ECF No. 103 at 2.

The inquiry concerning safety procedures implemented during the Project is clearly relevant to Defendant's liability for negligence for Plaintiff's alleged injuries. *See Roberts v. Trans World Airlines*, 225 Cal. App. 2d 344, 357 (Ct. App. 1964) ("Compliance with a safety standard fixed by law or administrative regulation is a fact which a jury may weigh in determining the issue of care."). The request is also not overly burdensome, as it is knowledge within Defendant's immediate control as the party that in fact implemented the safety measures Plaintiff seeks to identify.

Defendant argue that its response was sufficient and that Plaintiff's requests are overbroad. ECF No. 103 at 2. It cites, for its refusal to answer, the fact that "Plaintiff has not identified any legal authority as to why these responses are insufficient as phrased." *Id*. But as the Court has explained, Defendant's responses were not sufficient, Plaintiff's requests were not overbroad, and Defendant's obligation to comply with its discovery obligations is not lessened or altered because Plaintiff did not provide additional "legal authority" in support of Defendant's obligation to provide complete interrogatory responses under Federal Rule of Civil Procedure 33.

Finally, defense counsel appears to concede that she refused to meet and confer concerning this dispute on a telephone or video call and that she "refused to speak unless a detailed description citing legal authority was provided in advance," instead "insisting that any issues could be resolved by email." ECF No. 103 at 1. The Court concludes that defense counsel's apparent refusal to meet and confer supports its decision to order further interrogatory responses.

**IT IS SO ORDERED.**

Dated: January 12, 2026



_____
JON S. TIGAR
United States District Judge